# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

CAROL M. COMER,                               )
                                              )
      *Plaintiff,*                  )
                                              )
    v.                              )    Case No. 4:26-cv-00281
                                              )
16TH CIRCUIT COURT OF JACKSON                 )
COUNTY, MISOURI,                              )    JURY TRIAL REQUESTED
                                              )
      *Defendant.*                 )

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED PETITION FOR DAMAGES

Defendant 16th Circuit Court of Jackson County, Missouri ("16th Circuit" or "Defendant"), through counsel, states the following answer and affirmative defenses in response to Plaintiff Carol Comer's ("Plaintiff") Amended Petition for Damages ("Amended Petition"). In answering Plaintiff's Amended Petition and raising affirmative defenses to all claims, Defendant does not waive its position that Counts V, VI, VII, VIII, IX, and X of Plaintiff's Amended Petition must be dismissed for failure to state a claim.

## Parties and Jurisdiction

1. Defendant is without sufficient information to either admit or deny Plaintiff's residence and citizenship and therefore denies the allegations contained in ¶ 1.

2. Defendant is without sufficient information to either admit or deny the allegations contained in ¶ 2 and therefore denies the same.

3. Defendant is without sufficient information to either admit or deny the allegations contained in ¶ 3 and therefore denies the same.

4. Defendant admits the allegations contained in ¶ 4.

5. Defendant admits the allegations contained in ¶ 5.

6. Defendant admits the allegations contained in ¶ 6.

7. Defendant admits the allegations contained in ¶ 7.

8. Defendant admits the allegations contained in ¶ 8.

9. No response is necessary for ¶ 9 because no claim is made against Defendant in ¶ 9. To the extent any facts are alleged in ¶ 9 to which a response in necessary, these Defendant denies.

10. Defendant denies the allegations contained in ¶ 10.

11. Jurisdiction and venue are legal questions to which no response is necessary. Defendant does not contest jurisdiction or venue at this time but reserves its right to contest venue if fact discovery demonstrates venue is proper elsewhere. To the extent additional allegations are made against Defendant in ¶ 11, Defendant denies.

**Administrative Procedure and Procedural Posture**

12. Defendant admits the allegations contained in ¶ 12.

13.     Defendant is without sufficient information to either admit or deny the allegations contained in ¶ 13 and therefore denies the same.

14.     Defendant is without sufficient information to either admit or deny the allegations contained in ¶ 14 and therefore denies the same.

15.     Defendant is without sufficient information to either admit or deny the allegations contained in ¶ 15 and therefore denies the same.

**General Allegations Common to All Counts**

16.     Defendant admits the allegations contained in ¶ 16.

17.     Defendant admits the allegations contained in ¶ 17.

18.     Defendant is without sufficient information to either admit or deny the allegations contained in ¶ 18 and therefore denies the same.

19.     Defendant is without sufficient information to either admit or deny the allegations contained in ¶ 19 and therefore denies the same.

20.     Defendant is without sufficient information to either admit or deny the allegations contained in ¶ 20 and therefore denies the same.

21.     Defendant is without sufficient information to either admit or deny the allegations contained in ¶ 21 and therefore denies the same.

22.     Defendant is without sufficient information to either admit or deny the allegations contained in ¶ 22 and therefore denies the same.

23.     Defendant is without sufficient information to either admit or deny the allegations contained in ¶ 23 and therefore denies the same.

24. Defendant denies the allegations contained in ¶ 24.

25. Defendant assumes that "Respondent" as used in ¶ 25 refers to Defendant 16th Circuit. Upon this assumption, Defendant admits the allegations contained in ¶ 25.

26. Defendant admits the allegations contained in ¶ 26.

27. Defendant admits the allegations contained in ¶ 27.

28. Defendant is without sufficient information to either admit or deny the allegations contained in ¶ 28 and therefore denies the same.

29. Defendant denies the allegations contained in ¶ 29.

30. Defendant denies the allegations contained in ¶ 30.

31. Defendant is without sufficient information to either admit or deny the allegations contained in ¶ 31 and therefore denies the same.

32. Defendant is without sufficient information to either admit or deny the allegations contained in ¶ 32 and therefore denies the same.

33. Defendant is without sufficient information to either admit or deny the allegations contained in ¶ 33 and therefore denies the same.

34. Defendant is without sufficient information to either admit or deny the allegations contained in ¶ 34 and therefore denies the same.

35. Defendant denies the allegations contained in ¶ 35.

36. Defendant admits that on April 19, 2023, Plaintiff met with Nieves and Smedley. Defendant denies that Plaintiff was informed on this date they were being placed in "corrective actions [sic] status."

37. Defendant denies that Plaintiff was placed on "corrective action status" on April 19, 2023. Defendant admits that during the meeting with Nieves and Smedley on April 19, 2023, Plaintiff was presented a counseling memo and was counseled on topics including that Plaintiff "did not bring a derogatory comment about the department made by an employee to upper management's attention," professionalism, that Plaintiff "failed to address an employee being late several days in a row," and that Plaintiff "did not follow the directions given by upper management." Defendant admits that Plaintiff was told "they allegedly gossiped and socialized too much with their co-workers." Defendant denies that Plaintiff was told "they displayed a lack of professional dress and conduct."

38. Defendant denies the allegations contained in ¶ 38.

39. Defendant denies the allegations contained in ¶ 39.

40. Defendant denies the allegations contained in ¶ 40.

41. Defendant denies the allegations contained in ¶ 41.

42. Defendant admits the allegations contained in ¶ 42.

43. Defendant denies the allegations contained in ¶ 43.

44. Defendant is without sufficient information to either admit or deny the allegations contained in ¶ 44 and therefore denies the same.

45. Defendant denies that Nieves and Smedley knew that "Smedley's yelling at Plaintiff to sit there, shut up, and listen, would trigger a PTSD event for Plaintiff." Defendant admits that Nieves and Smedley knew about Plaintiff's trauma history.

46. Defendant denies the allegations contained in ¶ 46. Answering further, the counseling memo presented to Plaintiff on April 19, 2023, did not necessitate additional meetings other than Plaintiff's regular check-ins with Nieves, which predated the memo.

47. Defendant denies the allegations contained in ¶ 47.

48. Defendant is without sufficient information to either admit or deny the allegations contained in ¶ 48 and therefore denies the same.

49. Defendant denies the allegations contained in ¶ 49.

50. Defendant admits that certain topics discussed during the April 19, 2023 meeting "were not events Plaintiff could go back and change." Defendant denies that Plaintiff was "forced … to adjust how they acted in the future."

51. Defendant admits that Nieves's office was near Plaintiff's cubicle. Defendant is without sufficient information to either admit or deny the remaining allegations contained in ¶ 51 and therefore denies the same.

52. Defendant denies the allegations contained in ¶ 52.

53. Defendant denies the allegations contained in ¶ 53.

54. Defendant denies the allegations contained in ¶ 54.

55. Defendant denies the allegations contained in ¶ 55.

56. Defendant denies the allegations contained in ¶ 56.

57. Defendant denies the allegations contained in ¶ 57.

58. Defendant denies the allegations contained in ¶ 58.

59. Defendant admits that Nieves and Smedley told Plaintiff the corrective action status would continue. Defendant denies that "Nieves and Smedley told Plaintiff on September 8, 2023, that the corrective action status would continue indefinitely because while they alleged Plaintiff had improved some, they had not improved enough according to Nieves and Smedley."

60. Defendant admits that Plaintiff's direct subordinates were told to report to Nieves with issues they were experiencing with Plaintiff. Defendant denies that Plaintiff was prohibited from conducting the training and check-ins they had implemented with their subordinates before the extended "corrective action status."

61. Defendant is without sufficient information to either admit or deny the allegations contained in ¶ 61 and therefore denies the same.

62. Defendant denies the allegations contained in ¶ 62.

63. Defendant admits the allegations contained in ¶ 63.

64. Defendant admits the allegations contained in ¶ 64.

65. Defendant is without sufficient information to admit or deny that Plaintiff made a formal complaint to Human Resources in September 2023. Defendant admits that Plaintiff made complaints to Human Resources.

66. Defendant admits that HR conducted an investigation. Defendant admits that Plaintiff was offered an opportunity to transfer to the Family Court. Defendant denies the remaining allegations contained in ¶ 66.

67. Defendant denies the allegations contained in ¶ 67.

68. Defendant admits that HR does not share personnel information of employees with other employees. Defendant denies the remaining allegations contained in ¶ 68.

69. Defendant denies that Nieves or Smedley engaged in misconduct. Defendant denies that Plaintiff was "forced" to accept a transfer. Defendant admits that neither Nieves nor Smedley were fired.

70. Defendant is without sufficient information to either admit or deny the allegations contained in ¶ 70 and therefore denies the same.

71. Defendant is without sufficient information to either admit or deny the allegations contained in ¶ 71 and therefore denies the same.

72.     Defendant is without sufficient information to either admit or deny the allegations contained in ¶ 72 and therefore denies the same.

73.     Defendant admits the allegations contained in ¶ 73.

74.     Defendant is without sufficient information to either admit or deny the allegations contained in ¶ 74 and therefore denies the same.

75.     Defendant denies the allegations contained in ¶ 75.

76.     Defendant admits the allegations contained in ¶ 76.

77.     Defendant denies the allegations contained in ¶ 77.

78.     Defendant denies the allegations contained in ¶ 78.

79.     Defendant denies the allegations contained in ¶ 79.

80.     Defendant denies the allegations contained in ¶ 80.

81.     Defendant denies the allegations contained in ¶ 81.

82.     Defendant denies the allegations contained in ¶ 82.

83.     Defendant is without sufficient information to either admit or deny the allegations contained in ¶ 83 and therefore denies the same.

84.     Defendant denies the allegations contained in ¶ 84. Answering further, any of Plaintiff's allegations of violations of the MHRA prior to July 13, 2023 (180 days prior to the filing of Plaintiff's Charge of Discrimination) or of Title VII prior to March 15, 2023, are untimely. *See* Defendant's Affirmative and Other Defenses No. 10.

## COUNT I – TITLE VII SEX DISCRIMINATION

85. Defendant re-alleges and incorporates by reference the allegations contained in all foregoing Paragraphs.

86. Defendant admits the allegations contained in ¶ 86.

87. Defendant denies the allegations contained in ¶ 87.

88. Defendant admits that Plaintiff reported the alleged discriminatory practices to Defendant. Defendant denies the remaining allegations contained in ¶ 88.

89. Defendant denies it discriminated against Plaintiff. Defendant is without sufficient information to either admit or deny the remaining allegations contained in ¶ 89 and therefore denies the same.

90. Defendant denies the allegations contained in ¶ 90.

91. The allegations contained in ¶ 91 are legal questions to which no response is necessary. To the extent additional allegations are made against Defendant in ¶ 91, Defendant denies.

92. Defendant denies the allegations contained in ¶ 92.

93. Defendant denies the allegations contained in ¶ 93.

94. Defendant denies the allegations contained in ¶ 94. Answering further, any of Plaintiff's allegations of violations of the MHRA prior to July 13, 2023 (180 days prior to the filing of Plaintiff's Charge of

Discrimination) or of Title VII prior to March 15, 2023, are untimely. *See* Defendant's Affirmative and Other Defenses No. 10.

95.     Plaintiff's prayer for relief does not require any response, but to the extent any response is required, Defendant states that Plaintiff's Petition is without merit and she is not entitled to any relief of any kind.

### COUNT II – MHRA SEX DISCRIMINATION

96.     Defendant re-alleges and incorporates by reference the allegations contained in all foregoing Paragraphs.

97.     Defendant admits the allegations contained in ¶ 96.

98.     Defendant denies the allegations contained in ¶ 97.

99.     Defendant admits that Plaintiff reported the alleged discriminatory practices to Defendant. Defendant denies the remaining allegations contained in ¶ 98.

100.    Defendant denies it discriminated against Plaintiff. Defendant is without sufficient information to either admit or deny the remaining allegations contained in ¶ 99 and therefore denies the same.

101.    Defendant denies the allegations contained in ¶ 100.

102.    The allegations contained in ¶ 101 are legal questions to which no response is necessary. To the extent additional allegations are made against Defendant in ¶ 101, Defendant denies.

103.    Defendant denies the allegations contained in ¶ 102.

104.	Defendant denies the allegations contained in ¶ 103.

Plaintiff's prayer for relief does not require any response, but to the extent any response is required, Defendant states that Plaintiff's Petition is without merit and she is not entitled to any relief of any kind.

## COUNT III – TITLE VII SEX DISCRIMINATION
## HOSTILE WORK ENVIRONMENT

105.	Defendant re-alleges and incorporates by reference the allegations contained in all foregoing Paragraphs.

106.	Defendant admits the allegations contained in ¶ 105.

107.	Defendant denies the allegations contained in ¶ 106.

108.	Defendant admits that Plaintiff reported alleged discrimination to Defendant. Defendant denies the remaining allegations contained in ¶ 107.

109.	Defendant denies it discriminated against Plaintiff. Defendant is without sufficient information to either admit or deny the remaining allegations contained in ¶ 108 and therefore denies the same.

110.	Defendant denies the allegations contained in ¶ 109.

111.	Defendant denies the allegations contained in ¶ 110.

112.	Defendant is without sufficient information to either admit or deny the allegations contained in ¶ 111 and therefore denies the same.

113. Defendant is without sufficient information to either admit or deny the allegations contained in ¶ 112 and therefore denies the same.

114. Defendant denies the allegations contained in ¶ 113.

115. The allegations contained in ¶ 114 are legal questions to which no response is necessary. To the extent additional allegations are made against Defendant in ¶ 114, Defendant denies.

Plaintiff's prayer for relief does not require any response, but to the extent any response is required, Defendant states that Plaintiff's Petition is without merit and she is not entitled to any relief of any kind.

### COUNT IV – MHRA SEX DISCRIMINATION HOSTILE WORK ENVIRONMENT

116. Defendant re-alleges and incorporates by reference the allegations contained in all foregoing Paragraphs.

117. Defendant admits the allegations contained in ¶ 116.

118. Defendant denies the allegations contained in ¶ 117.

119. Defendant admits that Plaintiff reported alleged discrimination to Defendant. Defendant denies the remaining allegations contained in ¶ 118.

120. Defendant denies it discriminated against Plaintiff. Defendant is without sufficient information to either admit or deny the remaining allegations contained in ¶ 119 and therefore denies the same.

121.     Defendant denies the allegations contained in ¶ 120.

122.     Defendant denies the allegations contained in ¶ 121.

123.     Defendant is without sufficient information to either admit or deny the allegations contained in ¶ 122 and therefore denies the same.

124.     Defendant is without sufficient information to either admit or deny the allegations contained in ¶ 123 and therefore denies the same.

125.     Defendant denies the allegations contained in ¶ 124.

126.     The allegations contained in ¶ 125 are legal questions to which no response is necessary. To the extent additional allegations are made against Defendant in ¶ 125, Defendant denies.

Plaintiff's prayer for relief does not require any response, but to the extent any response is required, Defendant states that Plaintiff's Petition is without merit and she is not entitled to any relief of any kind.

## COUNT V – TITLE VII RACE DISCRIMINATION

In answering Plaintiff's Count V, Defendant does not waive its position that Plaintiff's Count V must be dismissed. *Please see* Defendant's Partial Motion to Dismiss filed contemporaneously with this Answer.

127.     Defendant re-alleges and incorporates by reference the allegations contained in all foregoing Paragraphs.

128.     Defendant admits the allegations contained in ¶ 127.

129.     Defendant denies the allegations contained in ¶ 128.

130. Defendant admits that Plaintiff reported alleged discrimination to Defendant. Defendant denies the remaining allegations contained in ¶ 129.

131. Defendant denies it discriminated against Plaintiff. Defendant is without sufficient information to either admit or deny the remaining allegations contained in ¶ 130 and therefore denies the same.

132. Defendant denies the allegations contained in ¶ 131.

133. The allegations contained in ¶ 132 are legal questions to which no response is necessary. To the extent additional allegations are made against Defendant in ¶ 132, Defendant denies.

134. Defendant denies the allegations contained in ¶ 133.

135. Defendant denies the allegations contained in ¶ 134.

Plaintiff's prayer for relief does not require any response, but to the extent any response is required, Defendant states that Plaintiff's Petition is without merit and she is not entitled to any relief of any kind.

### COUNT VI – MRHA RACE DISCRIMINATION

In answering Plaintiff's Count VI, Defendant does not waive its position that Plaintiff's Count VI must be dismissed. *Please see* Defendant's Partial Motion to Dismiss filed contemporaneously with this Answer.

1. Defendant re-alleges and incorporates by reference the allegations contained in all foregoing Paragraphs.

2. Defendant admits the allegations contained in ¶ 2.

3. Defendant denies the allegations contained in ¶ 3.

4. Defendant admits that Plaintiff reported alleged discrimination to Defendant. Defendant denies the remaining allegations contained in ¶ 4.

5. Defendant denies it discriminated against Plaintiff. Defendant is without sufficient information to either admit or deny the remaining allegations contained in ¶ 5 and therefore denies the same.

6. Defendant denies the allegations contained in ¶ 6.

7. The allegations contained in ¶ 7 are legal questions to which no response is necessary. To the extent additional allegations are made against Defendant in ¶ 7, Defendant denies.

8. Defendant denies the allegations contained in ¶ 8.

9. Defendant denies the allegations contained in ¶ 9.

Plaintiff's prayer for relief does not require any response, but to the extent any response is required, Defendant states that Plaintiff's Petition is without merit and she is not entitled to any relief of any kind.

## COUNT VII – ADA DISABILITY DISCRIMINATION

In answering Plaintiff's Count VII, Defendant does not waive its position that Plaintiff's Count VII must be dismissed. *Please see* Defendant's Partial Motion to Dismiss filed contemporaneously with this Answer.

1. Defendant re-alleges and incorporates by reference the allegations contained in all foregoing Paragraphs.

2. Defendant admits the allegations contained in ¶ 2.

3. Defendant denies the allegations contained in ¶ 3.

4. Defendant admits that Plaintiff reported alleged discrimination to Defendant. Defendant denies the remaining allegations contained in ¶ 4.

5. Defendant denies it discriminated against Plaintiff. Defendant is without sufficient information to either admit or deny the remaining allegations contained in ¶ 5 and therefore denies the same.

6. Defendant denies the allegations contained in ¶ 6.

7. The allegations contained in ¶ 7 are legal questions to which no response is necessary. To the extent additional allegations are made against Defendant in ¶ 7, Defendant denies.

8. Defendant denies the allegations contained in ¶ 8.

9. Defendant denies the allegations contained in ¶ 9.

Plaintiff's prayer for relief does not require any response, but to the extent any response is required, Defendant states that Plaintiff's Petition is without merit and she is not entitled to any relief of any kind.

## COUNT VIII – MHRA DISABILITY DISCRIMINATION

In answering Plaintiff's Count VIII, Defendant does not waive its position that Plaintiff's Count VIII must be dismissed. *Please see* Defendant's Partial Motion to Dismiss filed contemporaneously with this Answer.

1. Defendant re-alleges and incorporates by reference the allegations contained in all foregoing Paragraphs.

2. Defendant admits the allegations contained in ¶ 2.

3. Defendant denies the allegations contained in ¶ 3.

4. Defendant admits that Plaintiff reported alleged discrimination to Defendant. Defendant denies the remaining allegations contained in ¶ 4.

5. Defendant denies it discriminated against Plaintiff. Defendant is without sufficient information to either admit or deny the remaining allegations contained in ¶ 5 and therefore denies the same.

6. Defendant denies the allegations contained in ¶ 6.

7. The allegations contained in ¶ 7 are legal questions to which no response is necessary. To the extent additional allegations are made against Defendant in ¶ 7, Defendant denies.

8. Defendant denies the allegations contained in ¶ 8.

9. Defendant denies the allegations contained in ¶ 9.

Plaintiff's prayer for relief does not require any response, but to the extent any response is required, Defendant states that Plaintiff's Petition is without merit and she is not entitled to any relief of any kind.

## COUNT IX -- TITLE VII RELIGIOUS DISCRIMINATION

In answering Plaintiff's Count IX, Defendant does not waive its position that Plaintiff's Count IX must be dismissed. *Please see* Defendant's Partial Motion to Dismiss filed contemporaneously with this Answer.

1. Defendant re-alleges and incorporates by reference the allegations contained in all foregoing Paragraphs.

2. Defendant is without sufficient information to either admit or deny the allegations contained in ¶ 2 and therefore denies the same.

3. Defendant denies the allegations contained in ¶ 3.

4. Defendant admits that Plaintiff reported alleged discrimination to Defendant. Defendant denies the remaining allegations contained in ¶ 4.

5. Defendant denies it discriminated against Plaintiff. Defendant is without sufficient information to either admit or deny the remaining allegations contained in ¶ 5 and therefore denies the same.

6. Defendant denies the allegations contained in ¶ 6.

7. The allegations contained in ¶ 7 are legal questions to which no response is necessary. To the extent additional allegations are made against Defendant in ¶ 7, Defendant denies.

8. Defendant denies the allegations contained in ¶ 8.

9. Defendant denies the allegations contained in ¶ 9.

Plaintiff's prayer for relief does not require any response, but to the extent any response is required, Defendant states that Plaintiff's Petition is without merit and she is not entitled to any relief of any kind.

## COUNT X – MHRA RELIGIOUS DISCRIMINATION

In answering Plaintiff's Count X, Defendant does not waive its position that Plaintiff's Count X must be dismissed. *Please see* Defendant's Partial Motion to Dismiss filed contemporaneously with this Answer.

1. Defendant re-alleges and incorporates by reference the allegations contained in all foregoing Paragraphs.

2. Defendant is without sufficient information to either admit or deny the allegations contained in ¶ 2 and therefore denies the same.

3. Defendant denies the allegations contained in ¶ 3.

4. Defendant admits that Plaintiff reported alleged discrimination to Defendant. Defendant denies the remaining allegations contained in ¶ 4.

5. Defendant denies it discriminated against Plaintiff. Defendant is without sufficient information to either admit or deny the remaining allegations contained in ¶ 5 and therefore denies the same.

6. Defendant denies the allegations contained in ¶ 6.

7. The allegations contained in ¶ 7 are legal questions to which no response is necessary. To the extent additional allegations are made against Defendant in ¶ 7, Defendant denies.

8. Defendant denies the allegations contained in ¶ 8.

9. Defendant denies the allegations contained in ¶ 9.

Plaintiff's prayer for relief does not require any response, but to the extent any response is required, Defendant states that Plaintiff's Petition is without merit and she is not entitled to any relief of any kind.

## COUNT XI – TITLE VII RETALIATION

10. Defendant re-alleges and incorporates by reference the allegations contained in all foregoing Paragraphs.

11. Defendant admits the allegations contained in ¶ 11.

12. Defendant denies the allegations contained in ¶ 12.

13. Defendant admits that Plaintiff complained of alleged retaliatory conduct to Defendant multiple times. Defendant denies the remaining allegations contained in ¶ 13.

14. Defendant denies the allegations contained in ¶ 14.

15. Defendant denies it retaliated against Plaintiff. Defendant is without sufficient information to either admit or deny the remaining allegations contained in ¶ 15 and therefore denies the same.

16. Defendant denies the allegations contained in ¶ 16.

17. Defendant denies the allegations contained in ¶ 17.

18. Defendant denies the allegations contained in ¶ 18.

19. Defendant denies the allegations contained in ¶ 19.

20. The allegations contained in ¶ 20 are legal questions to which no response is necessary. To the extent additional allegations are made against Defendant in ¶ 20, Defendant denies.

Plaintiff's prayer for relief does not require any response, but to the extent any response is required, Defendant states that Plaintiff's Petition is without merit and she is not entitled to any relief of any kind.

## COUNT XII – MHRA RETALIATION

1. Defendant re-alleges and incorporates by reference the allegations contained in all foregoing Paragraphs.

2. Defendant admits the allegations contained in ¶ 2.

3. Defendant denies the allegations contained in ¶ 3.

4. Defendant admits that Plaintiff complained of alleged retaliatory conduct to Defendant multiple times. Defendant denies the remaining allegations contained in ¶ 4.

5. Defendant denies the allegations contained in ¶ 5.

6. Defendant denies the allegations contained in ¶ 6.

7. Defendant denies the allegations contained in ¶ 7.

8. Defendant denies the allegations contained in ¶ 8.

9. Defendant denies the allegations contained in ¶ 9.

10.     Defendant denies the allegations contained in ¶ 10.

11.     The allegations contained in ¶ 11 are legal questions to which no response is necessary. To the extent additional allegations are made against Defendant in ¶ 11, Defendant denies.

Plaintiff's prayer for relief does not require any response, but to the extent any response is required, Defendant states that Plaintiff's Petition is without merit and she is not entitled to any relief of any kind.

### Demand for Jury Trial and Designation of Place of Trial

Plaintiff's demand for jury trial and designation of place of trial does not require any response, but to the extent any response is required, Defendant states that Plaintiff's Petition is without merit and she is not entitled to any relief of any kind. Defendant does not contest Plaintiff's designation of place of trial at this time but reserves its right to contest the place of trial if fact discovery demonstrates the place of trial is proper elsewhere. To the extent additional allegations are made against Defendant in Plaintiff's demand for jury trial and designation of place of trial, Defendant denies.

## ADDITIONAL RESPONSES AND FACTS

1. All allegations contained in Plaintiff's Petition are denied unless specifically admitted herein.

2. Defendant denies that Plaintiff is entitled to any of the relief requested.

3. In the event this case is not disposed of before trial, Defendant demands a trial by jury on all issues herein triable by jury.

## AFFIRMATIVE AND OTHER DEFENSES

1. ***Failure to state a claim for Count I (Title VII sex discrimination):*** Plaintiff's Petition fails to state a claim upon which relief may be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because they failed to plead sufficient facts that show Plaintiff was treated differently than similarly situated employees.

2. ***Failure to state a claim for Count II (MHRA sex discrimination):*** Plaintiff's Petition fails to state a claim upon which relief may be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff failed to sufficiently plead their sex was the motivating factor of any adverse employment action under the MHRA.

3. ***Failure to state a claim for Count V (Title VII race discrimination):*** Plaintiff's Petition fails to state a claim upon which relief may be granted and should be dismissed pursuant to Fed. R. Civ.

P. 12(b)(6) because they failed to plead sufficient facts giving rise to an inference of discrimination.

4. ***Failure to state a claim for Count VI (MHRA race discrimination):*** Plaintiff's Petition fails to state a claim upon which relief may be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because they failed to plead any facts supporting that their race was a motivating factor in any adverse employment action by Defendant.

5. ***Failure to state a claim for Count VII (ADA disability discrimination):*** Plaintiff's Petition fails to state a claim upon which relief may be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff failed to state a prima facie case of disability discrimination under the ADA (Count VII).

6. ***Failure to state a claim for Count VIII (MHRA disability discrimination):*** Plaintiff's Petition fails to state a claim upon which relief may be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because they have not sufficiently pled their disability was a motivating factor in any adverse employment action by Defendant.

7. ***Failure to state a claim for Count IX (Title VII religious discrimination):*** Plaintiff's Petition fails to state a claim upon which relief may be granted and should be dismissed pursuant to Fed. R. Civ.

P. 12(b)(6) because Plaintiff failed to plead any facts to support an inference of religious discrimination.

8. ***Failure to state a claim for Count X MRHA religious discrimination):*** Plaintiff's Petition fails to state a claim upon which relief may be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff did not sufficiently plead facts supporting that their religion was the motivating factor in an adverse employment action by Defendant.

9. ***Reasonable accommodation provided***: Defendant did not discriminate against Plaintiff on the basis of disability, and Defendant fulfilled every reasonable accommodation request submitted by Plaintiff. Reasonable efforts were made to accommodate Plaintiff's alleged disability.

10. ***Undue hardship:*** Any additional accommodation to Plaintiff would impose an undue hardship on Defendant.

11. ***MHRA's Two-Year Limitations Period***: If discovery reveals that any portion of plaintiff's claims under Chapter 213, RSMo, arose prior to September 1, 2023 (two years prior to the date the lawsuit was filed), those portions of the claims are barred pursuant to § 213.111, RSMo.

12. ***MHRA's 180 Day Filing Deadline:*** If discovery reveals that any portion of plaintiff's claims under Chapter 213, RSMo, arose more than 180 days before the date the charge of discrimination was filed – July 13, 2023 – those portions of the claims are barred for failure to file a timely charge of discrimination.

13. ***MHRA's 90 Day Filing Deadline***: If discovery reveals that Plaintiff did not file this action within 90 days of their receipt of the Notice of Right to Sue they received from the Missouri Commission on Human Rights, their claims under Chapter 213 are thereby barred pursuant to § 213.111, RSMo.

14. ***Title VII's 90 Day Filing Deadline***: If discovery reveals that Plaintiff did not file this action within 90 days of their receipt of the Notice of Right to Sue they received from the Equal Employment Opportunity Commission, their claims under Title VII are thereby barred.

15. ***Title VII's & ADA's 300 Day Deadline:*** Any portion of plaintiff's claims under Title VII arising prior to 300 days before the date Plaintiff's charge of discrimination was filed – March 15, 2023 – is barred for failure to file a timely charge of discrimination.

16. ***No Adverse Action***: This case should be dismissed because plaintiff has not shown that any adverse action was taken against them

because of their race, their alleged disability, their religion, or for retaliatory purposes.

17. ***Punitive Damages Not Available***: Plaintiff has failed to plead sufficient facts showing that any defendant's conduct was outrageous because it was motivated by evil motive or intent or was malicious or recklessly indifferent to Plaintiff's rights. Therefore Plaintiff's allegations do not justify an award of punitive damages. Further, an award of punitive damages would violate Defendants' due process rights because the guidelines, standards, and/or instructions for the imposition of punitive damages are vague, indefinite, and uncertain; set no limit on the damages that can be awarded; and do not apprise Defendants of the conduct that will subject them to a punitive award.

18. ***Comparative Fault:*** Plaintiff's injuries and damages, if any, were directly caused or contributed to by their own fault, negligence, or intentional acts. Accordingly, Plaintiff is comparatively at fault.

19. ***Legitimate, non-discriminatory, non-retaliatory reasons****:* All actions taken by Defendant with respect to Plaintiff were taken in good faith because Defendant's actions were made for legitimate, non-discriminatory reasons, and any alleged adverse employment action asserted by Plaintiff is unrelated to any protected activity or category. Rather, such actions were taken by Defendant for legitimate, non-

discriminatory reasons. Defendant exercised reasonable managerial discretion and business judgment with respect to any action taken with respect to Plaintiff.

20. ***After-acquired evidence***: To the extent Defendant discovers evidence of wrongdoing by Plaintiff that would have independently led to terminate or other adverse action, Plaintiff's remedies are limited under the after-acquired evidence doctrine.

21. ***Merger***: Plaintiff's claims are barred by the doctrine of merger in that their claims of sex discrimination, hostile work environment, race discrimination, disability discrimination, religious discrimination, and retaliation assert more than one claim but the alleged injury and damages are the same. Plaintiff is not permitted to recover more than once for any injury. Any award from a jury must be merged to prevent Plaintiff from gaining a double recovery.

22. ***Failure to mitigate damages:*** Plaintiff has failed to mitigate their damages. It will be determined in fact by discovery whether Plaintiff has undertaken measured to mitigate any purported lost wages and other damages. If Plaintiff's allegations are true, which Defendant denies, Defendant is entitled to a reduction of any damages that might be awarded because Plaintiff failed to mitigate their damages by not sufficiently pursuing and/or keeping other employment.

23. ***Court costs:*** Any portion of the Plaintiff's claims involving court costs should be dismissed in that there is no waiver of sovereign immunity with respect to court costs. Defendant is an arm of the State. *See Richardson v. State Highway & Transportation Commission*, 863 S.W.2d 876 (Mo. 1993).

24. ***Prejudgment interest:*** Any portion of Plaintiff's claims involving prejudgment interest is limited in that there is no waiver of sovereign immunity for prejudgment interest by the State of Missouri above the statutory limit on liability. *Schumann v. Missouri Highway & Transp. Comm'n*, 912 S.W.2d 548 (Mo. Ct. App. W.D. 1995).

25. ***Damage caps:*** Plaintiff's damages award, if any, is subject to the statutory cap and limitation provided in § 537.610, RSMo.

26. ***Preservation:*** Defendant reserves the right to seasonably assert affirmative defenses as the facts of this case develop. Defendant hereby incorporates by reference each and every additional affirmative defense that may be uncovered or made known during the investigation and discovery of this case.

Respectfully submitted,

**CATHERINE L. HANAWAY**
Missouri Attorney General

*/s/ Maleah Ahuja*

Missouri Bar No. 76533
Assistant Attorney General
Missouri Attorney General's Office
221 West High Street
Jefferson City, MO 65101
Office: (573) 751-1795
Cell: (573) 821-3614
Email: Maleah.Ahuja@ago.mo.gov

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 13th, 2026, the forgoing was filed electronically with the CM/ECF system, which sent notice to all parties of record.

*/s/ Maleah Ahuja*
Maleah Ahuja
Assistant Attorney General

31 of 31